## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREATBATCH LTD., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    C.A. No. 13-723-LPS |
| | : |
| AVX CORPORATION and | : |
| AVX FILTERS CORPORATION, | : |
| | : |
| Defendants. | : |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Greatbatch Ltd.'s ("Greatbatch") Motion for Leave

to File an Amended Complaint, by which it would add claims of infringement of five patents in

addition to the allegations of infringement of the single patent that is already in suit. (D.I. 31)

Defendants, AVX Corporation and AVX Filters Corporation (collectively, "AVX" or

"Defendant"), oppose the motion. (D.I. 37) For the reasons set forth below, the Court will

GRANT Greatbatch's motion.

1.  Greatbatch filed its complaint for infringement of U.S. Patent No. 5,905,627 (the

"'627 patent") against AVX on April 25, 2013. (D.I. 1) The Court entered a scheduling order on

October 4, 2013, providing that any motion to amend must be filed by December 31, 2013. (D.I.

21 at 2)

2.  On December 13, 2013, Greatbatch moved to amend its complaint to add claims

for infringement of five additional patents. (D.I. 31) Greatbatch decided to assert the additional

five patents "based upon a review of what little discovery AVX has produced to date," essentially

the core technical documents required pursuant to this District's Default Standards. (D.I. 32 at 2)

The five additional patents are each related to the '627 patent in that "each pertains to

feedthrough filters used in implantable cardiac pacemaker/cardioverter-defribillator devices."
(*Id.*)

3.      Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely grant leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to pleading amendments. *See Dole v. Arco*, 921 F.2d 484, 486-87 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, amendment should be freely granted, unless it would be futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

4.      Greatbatch filed its motion before the deadline for such requests as set out in the scheduling order, and at a relatively early stage in the case. It was not unduly delayed. Nor is there any evidence of bad faith or dilatory motive. As Greatbatch observes, "[t]here has been no *Markman* hearing, no expert disclosures, no depositions, [and] no dispositive motions" yet in this case. (D.I. 39)

5.      The principal "unfair prejudice" AVX cites is that the present schedule (including discovery limits) has been fashioned for a single patent case, in which discovery began months ago, so adhering to that schedule in a much expanded case, which is largely just about to begin, would be wrong. The Court agrees with these general principles and, therefore, intends to vacate the current schedule after soliciting the parties' input on a proposed, revised schedule. Under the

2

circumstances here, the Court does not agree with AVX that Greatbatch "should be required to start a new suit and bear the burden of demonstrating what aspects, if any, overlap sufficiently to justify limited consolidation." (D.I. 37 at 1)[1]

6.  The Court is not persuaded that the new claims of indirect and willful infringement of the five additional patents are futile. The allegations of knowledge of the five additional patents, as well as the allegations that Defendants intended direct infringers to infringe the five additional patents, are adequate. (*See, e.g.*, D.I. 39 at 8-9) (citing amended complaint) Even if Defendants were correct about certain deficiencies, they do not contend that the entirety of the proposed amendment (e.g., the direct infringement claims) is futile. In these circumstances, futility does not provide a persuasive basis to deny the requested leave to amend.

Accordingly, Greatbatch's motion to amend (D.I. 31) is GRANTED. Plaintiff shall file its amended complaint no later than Friday, February 7, 2014. The parties shall meet and confer and submit a proposed scheduling order, including proposed dates for trial, no later than February 14, 2014.

February 4, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

[1] AVX contends it would be unduly prejudiced were amendment to lead to new document requests, thereby "causing AVX to review the same set of documents twice." (D.I. 37 at 11) It is difficult to understand how these additional efforts would not be just as necessary were Greatbatch required to institute a new lawsuit.

3