

Robert W. Whetzel
302-651-7634
Whetzel@rlf.com

July 7, 2015

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801-3568

PUBLIC VERSION

Re: *Greatbatch Ltd. v. AVX Corporation*, C.A. No. 13-723-LPS

Dear Chief Judge Stark:

Defendants, AVX Corporation and AVX Filters Corporation (collectively "AVX"), respectfully request the Court's intervention with respect to the Rule 16 scheduling order entered on April 7, 2014 (D.I. 79).

AVX requests the Court to amend the scheduling order to require plaintiff to limit the number of asserted claims and/or patents, so that this case may proceed in a more orderly fashion through case-dispositive motion practice and trial. AVX is presently responding to nearly 50 asserted claims across 6 patents-in-suit. As a result, the expert discovery process is unwieldy at best, and case-dispositive motion practice will likewise be very difficult to manage in any efficient manner. To date, and despite good-faith attempts to negotiate a proposal for moving forward with plaintiff's counsel, Greatbatch has been unwilling to trim this case.

Of the six patents-in-suit, at least three of them should simply be dropped from the case:

- Greatbatch has no infringement contentions for U.S. Patent No. 7,035,077, but refuses to dismiss its claims of infringement with prejudice.

- With regard to U.S. Patent No. 7,327,553, Greatbatch's own expert recently opined that the infringement contentions Greatbatch has maintained for more than a year are wrong.

- As confirmed by Greatbatch's independent lab, there is no evidence of infringement of U.S. Patent No. 6,765,779. And, to obviate the need to litigate whether the one or two parts AVX manufactured for testing purposes only fall within the experimental use exception, AVX has made an offer of judgment for $200 under Fed. R. Civ. Pr. 68.

The Honorable Leonard P. Stark
July 7, 2015
Page 2

The Revised Procedures for Managing Patent Cases state that the Court "will be highly receptive to reasonable proposals to reduce, at an appropriate stage or stages of a case, the number of: patents-in-suit, asserted claims, accused products, invalidating references, [and] combinations of invalidating references . . . ." Accordingly, and for the reasons stated above, AVX respectfully requests the Court to amend the scheduling order to include the following language (which is similar to that included in the recently issued Rule 16 order from this Court in *Intellectual Ventures I LLC v. AT&T Mobility, LLC*, C.A. No. 12-193 at D.I. 537 (D. Del. June 8, 2015)):

**By July 24, 2015, Plaintiff shall narrow the set of asserted claims down to three currently asserted claims per patent. If Plaintiff elects to no longer assert a patent, the three claims allocated to that patent may be re-allocated to the remaining asserted patents.**

**By July 29, 2015, Defendants shall identify their selection of no more than six primary references per claim and no more than twelve combinations of references per claim for their obviousness case.**

Defendants respectfully submit that these limits are in line with limits previously ordered by the Court. *See, e.g.*, Ex. A, *Personalized User Model, L.L.P. v. Google, Inc.*, C.A. No. 09-525-LPS (D. Del. Sept. 8, 2010), at D.I. 88, 26:5 to 27:9 (requiring reduction to 15 asserted claims during fact discovery and suggesting further reduction will be needed before trial); Ex. B, *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS (D. Del. Sept. 6, 2011), at D.I. 105, 35:2–14 (requiring reduction to 20 asserted claims before *Markman* and suggesting further reduction will be necessary); Ex. C, *Nuvasive, Inc. v. Globus Med., Inc.*, C.A. No. 10-849-LPS (D. Del. Nov. 3, 2011), D.I. 88, 17:13–18:7 (requiring reduction from 55 to 15 asserted claims during fact discovery); Ex. D, *Clouding IP, LLC v. Apple, Inc.*, C.A. No. 12-638-LPS (D. Del. Jan. 3, 2013), at D.I. 29, 22:21 to 23:11 (requiring reduction to 20 asserted claims after issuance of *Markman*); *ReefEdge Networks LLC v. Aruba Networks Inc.*, C.A. 12-1042-LPS (D. Del. Aug. 29, 2013) (D.I. 42) (requiring final election of asserted claims to 15 after issuance of *Markman*).

Counsel are available at the convenience of the Court should Your Honor have any questions concerning this matter.

Respectfully,

/s/ Robert W. Whetzel

Robert W. Whetzel (#2288)

RWW:tmb

cc:   Counsel of Record