

Robert W. Whetzel
302-651-7634
Whetzel@rlf.com

July 22, 2015

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801-3568

    Re: *Greatbatch Ltd. v. AVX Corporation*, C.A. No. 13-723-LPS

Dear Chief Judge Stark:

Defendants AVX Corporation and AVX Filters Corporation (together, "AVX") respectfully request that the Scheduling Order (D.I. 79) be amended to include deadlines for the reduction of asserted claims and obviousness combinations. For several months, AVX has urged Greatbatch to narrow the asserted claims; until recently, these efforts have been to little avail. Although Greatbatch has recently advanced a proposal to reduce the number of asserted claims, it will do so only with reservations and on terms that defeat the purpose of asserted claim and prior art reductions: to narrow the case and focus the parties' efforts as they approach summary judgment and trial (now less than six months away).

At present, Greatbatch is asserting about 46 claims.[1] AVX currently asserts a total of 26 prior art references across the asserted claims in five patents.[2]

AVX proposes that Greatbatch be limited to 3 asserted claims per patent, chosen from the currently asserted claims; in turn, AVX proposes to limit its references to no more than 6 primary references and 12 obviousness combinations per claim. *See Enzo Life Sciences v. Abbott Laboratories, Inc.*, D.I. 260 in C.A. No. 12-274-LPS (D. Del. Sept. 22, 2014) (Ex. 1) (limiting parties to 6 prior art references per claim and defining a "prior art reference" as "(1) a single patent, publication, product, etc. (a 'primary reference'), and (2) up to three other references to be included in a single obviousness combination with each primary reference"); *Intellectual Ventures I, LLC v. AT&T Mobility LLC*, D.I. 537 in C.A. No. 12-193-LPS (D. Del. June 8, 2015) (Ex. 2) (ruling that defendants "shall identify their selection of no more than six primary

---

[1] The precise number of asserted claims is unclear, since the number of asserted claims in the opening infringement report of Greatbatch's expert with regard to the '553 patent (claims 2, 3, 5, 6, 7, 8, 10 12, 13, 15) does not match the claims discussed in infringement contentions served nearly three weeks after that expert report (claims 1, 2, 3, 5, 6, 7, 8, 10), and AVX does not know which to rely on.

[2] Greatbatch is not asserting infringement of the sixth patent in the case, U.S. Patent No. 7,035,077, but refuses to dismiss its claims regarding the '077 patent with prejudice.

■ ■ ■

The Honorable Leonard P. Stark
July 22, 2015
Page 2

references/systems per asserted claim and no more than twelve combinations of references/systems per asserted claim for their obviousness case").

During the most recent of the several meet and confer discussions on this topic, the parties considered a compromise proposal of 4 asserted claims per patent and 10 obviousness combinations per claim. Greatbatch did not consent to that middle ground; AVX remains willing to agree to the compromise position.

Greatbatch's most recent proposal is to reduce the number of asserted claims to 24, with no per-patent limit, whereas AVX would be limited to 6 references per patent. This would allow Greatbatch to unduly weight the number of asserted claims in one or two patents, while requiring AVX to effectively face the same burden as before but with fewer references to defend itself. AVX moved from its original position to accommodate Greatbatch in the hope that the parties could avoid bringing this dispute to the Court; Greatbatch's proposal instead moves the parties further apart.

Greatbatch also seeks to reserve the right to change the asserted claims from U.S. Patent No. 5,905,627 based on the outcome of the IPR decision in *AVX Corp. v. Greatbatch Ltd.*, No. IPR2014-00697 (PTAB filed Apr. 25, 2014). If allowed, this reservation would inject considerable uncertainty into the case and could render futile the parties' summary judgment and trial preparation efforts. The PTAB's final written decision may not issue until the end of October, at which point the parties will have already briefed and argued summary judgment. Greatbatch should not be permitted to take a wait-and-see approach and to change the scope of the case just as the parties begin preparing the pre-trial order.

From a case management perspective, Greatbatch cannot reasonably expect to present a jury with 24 patent claims (some of which depend on up to two underlying claims) across five patents, each of which covers different technology with different fundamental principles. The parties have already undergone expert discovery on an excessive number of claims, which has proved to be overly burdensome and wasteful of resources.[3] Greatbatch, as the plaintiff which initiated litigation on six patents, should bear some responsibility for the efficient prosecution of this case to and through trial.

Greatbatch contends that its position finds support in prior orders of this Court; in fact, the authorities to which Greatbatch directed AVX do not support its position. For instance, in *Intellectual Ventures v. Checkpoint*, D.I. 181 in C.A. No. 10-1067-LPS (D. Del. Feb. 22, 2012) (Ex. 3), the Court limited the plaintiff to 20 asserted claims and the defendants to 30 prior art references—AVX, not Greatbatch, currently satisfies those criteria. As to the reduction of prior art at issue in *ReefEdge Networks, LLC v. Aruba Networks Inc.*, D.I. 48 in C.A. No. 12-1042-LPS (D. Del. Sept. 5, 2013) (Ex. 4), the parties had *voluntarily* agreed to six prior art references per claim, for a total of no more than 18 references; the Court's *ruling* was regarding other mechanics of the claim and prior art reduction. *See id.* at D.I. 47 (proposed scheduling order) (Ex. 5). In *Pragmatus Mobile LLC v. Amazon.com Inc.*, C.A. No. 14-436-LPS (D. Del. Oct. 14,

---

[3] The parties have exchanged more than 2,100 pages of expert reports on liability issues.

The Honorable Leonard P. Stark
July 22, 2015
Page 3

2014) (Ex. 6), the parties were limited to fifteen items of prior art total against only two patents; Greatbatch's patents each cover a very different aspect of the field of technology at issue.

AVX is defending an overly broad and complex case, and is being prejudiced by Greatbatch's refusal to narrow its claims, and will be prejudiced further if the parties proceed to summary judgment on a set of asserted claims different from that which Greatbatch actually intends to take to trial. Indeed, the parties have begun negotiating appropriate page limits for summary judgment briefs and have been unable to reach agreement. By this point, the parties' resources should be expended on what is actually in dispute, not crafting back-doors and "just-in-case" claim term proposals that prolong uncertainty to the advantage of Greatbatch.

For the above reasons, AVX respectfully requests that the Court order Greatbatch to limit the number of asserted claims as discussed above by August 10, 2015, and AVX to limit the number of prior art combinations as discussed above by August 14, 2015.

                                    Respectfully,

                                    */s/ Robert W. Whetzel*

                                    Robert W. Whetzel (#2288)

RWW:wad

cc:      Counsel of Record