

July 23, 2015

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

      RE:    *Greatbatch Ltd. v. AVX Corp., et al.*
               (C.A. No. 13-cv-723-LPS)

Dear Chief Judge Stark:

      We write in response to AVX's letter (D.I. 360) requesting particular modifications of the scheduling order (D.I. 79). As outlined in Greatbatch's letter of yesterday, Greatbatch has for more than a year sought agreement from AVX on a procedure whereby both parties would narrow the issues. AVX, however, seeks to severely restrict Greatbatch's case while AVX would retain a broad array of invalidity positions and only at trial would Greatbatch learn what positions AVX will press.

      Greatbatch has repeatedly offered to reduce the number of asserted claims if AVX would agree to reduce its invalidity contentions. AVX would never make such an agreement, instead demanding that Greatbatch withdraw asserted claims without any reciprocal commitment by AVX. (*See, e.g.*, Exhibit 1.)[1] Now, AVX wants to force Greatbatch to blindly reduce the number of asserted claims before AVX has ever clearly articulated its invalidity contentions.[2]

      AVX's request that Greatbatch be limited to just 3 claims from any one patent is unwarranted. First, Plaintiffs are generally left to allocate their claims as they see fit. *E.g.*, *Intellectual Ventures I v. Check Point Software Techs. Ltd.*, C.A. No. 10-1067-LPS, D.I. 162 at 31:5-9 (D. Del. Nov. 3, 2011) (attached hereto as Exhibit A) (requiring the plaintiff "to reduce the number of asserted claims to no more than a total of 20, which can be allocated among the four patents in suit however plaintiff wishes"); *NuVasive, Inc. v. Globus Medical, Inc.*, C.A. No. 10-849-LPS, D.I. 88 at 17:20-24 (D. Del. Nov. 3, 2011) (attached hereto as Exhibit B) (requiring the plaintiff to "reduce the number of asserted claims to 15, which is five per patent, although the number 15 did not need to be met by five per patent. It can be a total of 15 however allocated among the patents in suit as plaintiff wishes.").

      Second, if Greatbatch elects more claims from one patent, it will necessarily assert fewer claims from the other patents-in-suit. Either way, the burden on AVX is substantially the same.

---

[1] Exhibits 1 to 5 refer to exhibits to Greatbatch's letter dated July 22, 2015 (D.I. 361).
[2] For example, which combinations of references has AVX asserted against claim 2 of the '627 Patent? Because AVX proposes references in the alternative, that remains unclear even after reviewing AVX's invalidity contentions, Professor Webster's opening expert report (which proposed new combinations), and Professor Webster's reply expert report (which proposed even more new combinations).

This is a transparent attempt to limit Greatbatch's assertions relating to the '627 Patent, in hopes that the pending *Inter Partes* Review will invalidate the claims that Greatbatch elects.

Nor is AVX's attempt to reserve maximum flexibility for itself justified. AVX's claim that it asserts only 26 prior art references is incorrect. Its supplemental invalidity contentions include a table that lists 30 references including 15 asserted against the '627 Patent alone (Exhibit 3 at 11),[3] and Professor Webster's report includes additional references (*see* Exhibit 2).

AVX's suggestion regarding its own contentions is not helpful. AVX carefully proposes that it be limited to "6 *primary* references and 12 obviousness combinations per claim." (D.I. 360 (emphasis added).) That puts no limit on the number of secondary references, and because AVX's combinations include references proposed in the alternative, AVX's contentions would remain virtually unlimited.[4] In addition, because AVX proposes 12 combinations per claim, AVX's proposal would leave it free to propose hundreds of combinations (apparently against asserted and non-asserted claims).[5] Greatbatch would have to prepare for trial on all of those, even though AVX could have no intention of going forward with them. A limit on the number of references in general, not just *primary* references, is warranted. *See, e.g., Pragmatus Mobile, LLC v. Amazon.com Inc.*, C.A. No. 14-436-LPS, D.I. 26 at 31:23-32:6 (D. Del. Oct. 14, 2014) (attached hereto as Exhibit C) (ordering final limits of 15 asserted claims and "no more than 15 references" without distinguishing between primary references or non-primary references); Oral Order, *Reefedge Networks, LLC v. Aruba Networks Inc.*, C.A. No. 12-1042-LPS, D.I. 42 (D. Del. Aug. 29, 2013) (ordering limits of "no more than six asserted prior art references per patent from among the thirty six prior art references previously identified, and no more than a total of 18 references").

AVX points, for example, to the Order entered in *Enzo Life Sciences, Inc. v. Abbott Laboratories, Inc.* (D.I. 360 at Ex. 1), but there the plaintiff was allowed 25 claims, and the defendants were required to "reduce the number of asserted prior art references to 6 per asserted claim of the '197 Patent. A 'prior art reference' will include both (1) a single patent, publication, product, etc. (a 'primary reference'), and (2) up to three other references to be included in a single obviousness combination with each primary reference." Order, *Enzo Life Sci., Inc. v. Abbott Labs., Inc.*, C.A. No. 12-274-LPS, D.I. 260 ¶¶ 1, 4 (D. Del. Sept. 22, 2014). In other words, the defendants were only permitted six combinations per claim, and they were not allowed more than 4 references in a combination. AVX's proposal here is much more restrictive of Greatbatch, while much less restrictive of AVX.

---

[3] If AVX did not intend to go forward with all of those references, then it should have withdrawn them in its supplemental invalidity contentions. That AVX did not withdraw those references belies AVX's claim it was seeking agreement to narrow the case.

[4] Webster's opening expert report asserts 7 primary references against claim 25 of the '627 Patent, sometimes in combination with as many as 8 secondary references.

[5] For example, Greatbatch withdrew all its infringement contentions relating to the '077 Patent, but AVX refused Greatbatch's request to amend the complaint to withdraw those claims unless Greatbatch were willing to grant AVX a royalty-free license. AVX's complaints about the number of issues present in this suit ring hollow in light of its decision to keep the '077 Patent at issue in this lawsuit.

AVX's attempt to distinguish cases such as *Pragmatus Mobile* (D.I. 360 at Ex. 6), based on its claim that "Greatbatch's patents each cover a very different aspect of the field of the technology at issue," overstates the facts. Each of the asserted claims in the patents-in-suit is directed to a filtered feedthrough, and two of the patents (the '779 and '715) share the same specification. The patents-in-suit share many common claim terms, and in nearly all instances the Court was able to construe them consistently.

Accordingly, Plaintiff respectfully requests that the Court reject AVX's proposal and order the parties to reduce the number of asserted claims, asserted references, and combinations of references as outlined in Greatbatch's letter (D.I. 361), and further order that AVX list precisely which combinations it is asserting against each claim.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc:   Counsel of Record (via E-File)