

Robert W. Whetzel
302-651-7634
Whetzel@rlf.com

July 23, 2015

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801-3568

    Re:  *Greatbatch Ltd. v. AVX Corporation*, C.A. No. 13-723-LPS

Dear Chief Judge Stark:

Defendants AVX Corporation and AVX Filters Corporation (together, "AVX") respond briefly to the assertions made by Greatbatch in its letter to the Court of July 22, 2015. In short, AVX believes that the parties need to reduce the scope of the case, now. Instead of acknowledging its obligation to create a manageable case going forward, Greatbatch prefers to discuss the number of references AVX asserted early on in the case, and the number of claims Greatbatch originally asserted (well in excess of 100). This history is largely irrelevant to the pressing need to create a triable case that can be presented to a jury.

Greatbatch asserts that AVX has refused to reduce its references or combinations. This is untrue. AVX has already reduced the number of prior art references across all patents to 26, and for months AVX has been pushing Greatbatch to reach an agreement by which both parties would limit the scope of the case further. Greatbatch also claims not to understand which combinations AVX is asserting, but ignores AVX's expert reports, which include detailed exhibits showing exactly which combinations AVX is asserting and how.[1] AVX confirmed that these

---

[1] Greatbatch alleges that AVX has asserted in its expert reports certain references and combinations that were undisclosed during fact discovery. AVX disputes this assertion, which is not properly before the Court or even relevant to the present dispute. Counsel for AVX and Greatbatch had reached an agreement by which Greatbatch would not raise that dispute with the Court in return for AVX not raising the failure of Greatbatch to comply with certain disclosure obligations during fact discovery, a failure germane to the issue of reduction of asserted claims and obviousness combinations. AVX trusted that Greatbatch would abide by this agreement, and for that reason did not seek to embody it in a stipulation or raise Greatbatch's discovery failures with the Court. *See, e.g.*, *LG Philips LCD Co. v. Tatung Co.*, C.A. No. 04-343-JJF, 243 F.R.D. 133, 135 n.2 (D. Del. 2007) ("[T]he Court would expect the parties to honor the agreements made among themselves . . . ."). For its part, AVX will uphold its side of this agreement by not raising Greatbatch's discovery failure here.

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

RLF1 12601705v.1

www.rlf.com

The Honorable Leonard P. Stark
July 23, 2015
Page 2

combinations represent AVX's current position to counsel for Greatbatch during a recent meet and confer, a fact Greatbatch fails to mention in its letter.

Greatbatch is incorrect in its assertion that AVX is unwilling to reduce its prior art or obviousness combinations until after summary judgment briefing, and AVX's prior correspondence and proposals belie that assertion. AVX has consistently told Greatbatch that both parties need to reduce the number of asserted claims and prior art combinations *before* summary judgment, as Greatbatch acknowledges in footnote 3 of its letter.

Greatbatch proposes reducing the number of asserted claims only to 24 now, and is "amenable" to reducing the number of asserted claims to 16 after the issuance of the PTAB's final written decision regarding the '627 patent. Although Greatbatch asserts that this decision is "imminent," it cites no foundation for that belief. The PTAB has until October 27, 2015, to issue its decision—seven days after oral argument on summary judgment in this action. Additionally, Greatbatch cites no precedent that would allow it to keep the number and identification of asserted claims uncertain through summary judgment. The Court has repeatedly required parties to reduce the number of asserted claims to 20 or fewer well before expert discovery, let alone past oral argument on summary judgment. *See, e.g.*, Ex. A, *Personalized User Model, L.L.P. v. Google, Inc.*, C.A. No. 09-525-LPS (D. Del. Sept. 8, 2010), at D.I. 88, 26:5 to 27:9 (requiring reduction to 15 asserted claims during fact discovery and suggesting further reduction will be needed before trial); Ex. B, *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS (D. Del. Sept. 6, 2011), at D.I. 105, 35:2–14 (requiring reduction to 20 asserted claims before *Markman* and suggesting further reduction will be necessary); Ex. C, *Nuvasive, Inc. v. Globus Med., Inc.*, C.A. No. 10-849-LPS (D. Del. Nov. 3, 2011), D.I. 88, 17:13 to 18:7 (requiring reduction from 55 to 15 asserted claims during fact discovery); Ex. D, *Clouding IP, LLC v. Apple, Inc.*, C.A. No. 12-638-LPS (D. Del. Jan. 3, 2013), at D.I. 29, 22:21 to 23:11 (requiring reduction to 20 asserted claims after issuance of *Markman*); and *ReefEdge Networks LLC v. Aruba Networks Inc.*, C.A. 12-1042-LPS (D. Del. Aug. 29, 2013) (D.I. 42) (requiring final election of asserted claims to 15 after issuance of *Markman*). If the PTAB does not issue its final written decision until close to the statutory deadline (a not uncommon occurrence), AVX will not receive Greatbatch's final election of claim terms until mere days before Greatbatch must serve its sections of the pre-trial order.

AVX respectfully submits that Greatbatch's proposal will lead to a further waste of resources, and asks that the Court adopt the proposal set forth in AVX's letter of July 22, 2015 (D.I. 360).

                                                  Respectfully,

                                                  */s/ Robert W. Whetzel*

                                                  Robert W. Whetzel (#2288)

cc:      Counsel of Record