# EXHIBIT A

```
 1                   IN THE UNITED STATES DISTRICT COURT

 2                   IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
     PERSONALIZED USER MODEL, L.L.P.,
 4                                    :    CIVIL ACTION
               Plaintiff,             :
 5                                    :
                    v.                :
 6                                    :
     GOOGLE, INC.,                    :
 7                                    :    NO. 09-525-LPS
               Defendant.
 8                              - - -

 9                        Wilmington, Delaware
                     Wednesday, September 8, 2010
10                      TELEPHONE CONFERENCE

11                              - - -

12   BEFORE:        HONORABLE LEONARD P. STARK, U.S.D.C.J.

13                              - - -
     APPEARANCES:
14

15             MORRIS NICHOLS ARSHT & TUNNELL, LLP
               BY:  KAREN JACOBS LOUDEN, ESQ.
16
                    and
17
               SONNENSCHEIN NATH & ROSENTHAL,LLP
18             BY:  MARC S. FRIEDMAN, ESQ.
                    (New York, New York)
19
                    and
20
               SONNENSCHEIN NATH & ROSENTHAL,LLP
21             BY:  MARK C. NELSON, ESQ.
                    (Dallas, Texas)
22
                    and
23

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter
```

```
 1   APPEARANCES:  (Continued)

 2

 3               SONNENSCHEIN NATH & ROSENTHAL,LLP
                 BY:  JENNIFER D. BENNETT, ESQ.
 4                    (Palo Alto, California)

 5                    Counsel for Plaintiff

 6

 7               POTTER ANDERSON & CORROON, LLP
                 BY:  RICHARD L. HORWITZ, ESQ.
 8
                      and
 9
                 QUINN EMANUEL URQUHART & SULLIVAN, LLP
10               BY:  DAVID A. PERLSON, ESQ., and
                      EUGENE NOVIKOV, ESQ.
11                    (San Francisco, California)

12                    Counsel for Defendant

13

14

15                    - oOo -

16                P R O C E E D I N G S

17               (REPORTER'S NOTE:  The following telephone

18   conference was held in chambers, beginning at 10:08 a.m.)

19               THE COURT:  Good morning, everybody.  This is

20   Judge Stark.  Who is there, please?

21               MS. JACOBS LOUDEN:  Good morning, your Honor.

22   For the plaintiff, this is Karen Jacobs Louden for Morris

23   Nichols; and I have on the line with me Marc Friedman, Mark

24   Nelson and Jennifer Bennett from the Sonnenschein firm.

25               THE COURT:  Okay.
```

1    existing schedule.  It's not overly complicated; and now

2    that the case is in your camp, I would think entering a

3    scheduling order that sets forth those dates and a Markman

4    and pretrial conference is the way to proceed.

5                    THE COURT:  Okay.

6                    MR. PERLMAN:  Your Honor, this is Dave Perlman.

7    Can I address one thing?

8                    THE COURT:  Just briefly.

9                    MR. PERLMAN:  Yes.  I think if you look at the

10   **Fenster** case, it wasn't -- the reduction to claims was not

11   done after the close of fact discovery, and I think that the

12   order reducing the number of claims actually came before

13   the Markman hearing.  I think that that is important as a

14   factual point of view in plaintiff's attempt to distinguish

15   these cases.  And as far as limiting the claim terms at

16   issue, I mean the number of terms at issue is directly

17   related to the claims; and the way to limit it, as courts

18   have routinely recognized, is through the amount of claims

19   asserted.

20                   If plaintiff thinks we have asserted too many

21   terms, we can address it at that point, but I don't think

22   that will be an issue if we're down to 10.

23                   MR. NELSON:  Your Honor, just briefly on **Fenster**.

24                   THE COURT:  No.  Mr. Nelson, I've heard enough.

25   Thank you.

1              MR. NELSON:  Thank you.

2              THE COURT:  Let me, because I only have a

3     couple more minutes with you all and I'm ready to give you

4     my rulings.

5              First, on the related issues essentially of

6     plaintiff's motion to compel gobble Google to respond to the

7     now, I guess it is, 36 infringement contentions and the

8     defendant's request that the plaintiff reduce the number of

9     asserted claims, all of which in my view are tied up with

10    how we're going to proceed in an orderly fashion through

11    Markman and then ultimately to trial.

12             What I am doing is modifying the scheduling

13    order such as to require Google to respond with its

14    invalidity contentions in response to the now 36 asserted

15    claims that have been charted by the plaintiff, and Google

16    has 21 days from today to do that, so three weeks.

17             Within 10 days after Google does so, the plaintiff

18    will reduce the asserted claims to no more than 15.

19             What I further want the parties to do is, in

20    response to these rulings, is to meet and confer and propose

21    to the Court a modification to the scheduling order which

22    sets out the procedures and timing for identifying and

23    briefing a total of no more than 12 claim terms for the

24    Court to construe at a Markman hearing.  After we get your

25    proposals as to the timing of the Markman briefing process,

1    we'll set a Markman hearing date.

2              In my view, all of this reasonably accommodates

3    the competing interests not only of both parties but also of

4    the Court and ultimately of the jury.  The Court can only do

5    so much.  We can only handle so many disputes.  The jury can

6    only be expected to work through so many asserted claims;

7    and I certainly would hope but am not at this time ordering

8    that the number of asserted claims get reduced further as we

9    proceed to trial.  I'm not requiring that at this time.

10             I recognize I have an obligation before the case

11   is submitted to the jury to construe whatever claim terms

12   are meaningfully in dispute at that point, so if it turns

13   out that further claims construction is necessary later in

14   the case, if need be, we'll do that.

15             My hope further is that the issues of invalidity

16   and infringement for all the claims at issue in this case

17   can be resolved in a single trial.  If it turns out that

18   that becomes impossible because somehow the case remains too

19   large, then we'll just have to just deal with that further

20   down the road.

21             So that's my ruling on those first two related

22   disputes.

23             With respect to plaintiff's request to modify

24   the scheduling order to the extent the scheduling order

25   bifurcates this case as between essentially liability issues

1    and damages issues, I'm denying plaintiff's request.  It's

2    very explicit, of course, and not disputed that it is

3    explicit in the scheduling order by Judge Farnan that the

4    bifurcation provision is there.  The dispute was flagged

5    by Judge Farnan in the cover letter that accompanied the

6    parties' proposed scheduling orders.  It's also flagged for

7    Judge Farnan in the proposed scheduling orders themselves.

8         I have every reason to believe that Judge Farnan

9    gave careful consideration to what was before him, and I'm

10   certainly not inclined to revisit his decision.  There was

11   no timely motion for reconsideration.

12        The letter was filed and certainly had a great

13   deal of argument in it, but I must presume that because

14   either what happened was because it wasn't filed as a

15   motion, it was perhaps overlooked by Judge Farnan, and that

16   would be understandable since it wasn't filed as a motion,

17   and a motion today would be untimely, or, alternatively,

18   it was reviewed by Judge Farnan and he determined that it

19   lacked merit.  Either way, I'm not revisiting his decision

20   and the case will remain bifurcated.

21        Finally, on the dispute as to the depositions of

22   the inventors, this is a difficult call but I'm ultimately

23   going to rely on the language that is in the parties'

24   agreement:  two seven-hour days.  There is nothing in that

25   language that says that the two days have to be consecutive

# EXHIBIT B

```
1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -
    SOFTVIEW LLC,
4                                    :    CIVIL ACTION
            Plaintiff,              :
5                                    :
            v.                       :
6                                    :
    APPLE INC., and AT&T MOBILITY LLC,  :
7                                    :    NO. 10-389 (LPS)
            Defendants.             :
8                              - - -

9                         Wilmington, Delaware
                      Tuesday, September 6, 2011
10                        Telephone Conference

11                             - - -

12   BEFORE:       HONORABLE LEONARD P. STARK, U.S.D.C.J.

13   APPEARANCES:                 - - -

14
                  BLANK ROME, LLP
15                BY:  STEVEN L. CAPONI, ESQ.

16                     and

17                IRELL & MANELLA
                  BY:  AMIR NAINI, ESQ., and
18                     SAMUEL K. LU, ESQ.
                       (Los Angeles, California)
19
                          Counsel for Plaintiff
20

21                POTTER, ANDERSON & CORROON, LLP
                  BY:  DAVID E. MOORE, ESQ.
22
                       and
23

24
                               Brian P. Gaffigan
25                             Registered Merit Reporter
```

```
 1    APPEARANCES:  (Continued)

 2
                    GIBSON DUNN & CRUTCHER, LLC
 3                  BY:  JOSH A. KREVITT, ESQ.,
                         (New York, New York)
 4
                         and
 5
                    GIBSON DUNN & CRUTCHER, LLC
 6                  BY:  H. MARK LYON, ESQ.,
                         STUART M. ROSENBERG, ESQ., and
 7                       ALISON WATKINS, ESQ.
                         (Palo Alto, California)
 8
                              Counsel for Defendants
 9

10

11

12                            - oOo -

13               P R O C E E D I N G S

14          (REPORTER'S NOTE:  The following telephone

15    conference was held in chambers, beginning at 3:48 p.m.)

16          THE COURT:  Good afternoon, counsel.  This is

17    Judge Stark.  Who is there, please?

18          MR. MOORE:  Good afternoon, your Honor.  On

19    behalf of the defendants, it is David Moore at Potter

20    Anderson.  With me on the line from Gibson Dunn are Josh

21    Krevitt, Mark Lyon, Stuart Rosenberg and Alison Watkins.

22          THE COURT:  Okay.  Thank you.

23          MR. CAPONI:  Good afternoon, your Honor.  It's

24    Steve Caponi from Blank Rome for the plaintiff, and with me

25    today is Amir Naini.
```

1          In the Stamps.com case, which the Federal

2     Circuit addressed very recently, the plaintiff had asserted

3     629 claims over 11 patents; and the District Court, before

4     Markman, limited the plaintiff to 15 claims.

5          We had a typographical error incidently in our

6     letter, your Honor, for which I apologize.  We said 11

7     claims.  The real number was 15.  But it was 15 claims over

8     11 patents, a reduction from 629 claims, which the Federal

9     Circuit upheld.

10          So that is all done, all of those limitations

11     are routinely done before Markman and are done to the kinds

12     of numbers that are more favorable to a defendant than the

13     defendants are proposing in this case.

14          So for those reasons, given that everyone, the

15     Court previously, the plaintiff on this call and in their

16     letter have agreed that there should be a reduction in the

17     number of asserted claims before Markman, and that we have a

18     Markman process to begin October 14th, we would respectfully

19     request that your Honor order SoftView to limit the number

20     of asserted claims at least three weeks -- we would prefer

21     four weeks, but at least three weeks before the October 12

22     date, and that the reduction of asserted claims be to 10.

23          THE COURT:  Thank you.  This is a discretionary

24     decision and, therefore, has got to be decided on case

25     specific factors and is not always going to be precisely the

1    same in each case.

2            Having thought about and having heard the

3    argument and looked at the materials beforehand and really

4    considered that there are so, so many asserted claims here,

5    350, and that there has been no reduction yet, and that

6    everybody is in agreement that some time prior to Markman

7    there needs to be substantial reduction, having factored

8    all of that in, in this particular case, my ruling is that

9    the plaintiff is hereby directed to reduce the number of

10   asserted claims to no more than a total of 20 -- 20 asserted

11   claims by no later than three weeks before the start of the

12   Markman process, which I am told by both parties is currently

13   set for October 12th.  There will need to be a further

14   reduction of asserted claims some time later in the case.

15           Also, the Court is also hereby ordering that

16   the parties are limited to present at the initial Markman

17   hearing no greater than a total of 15 disputed patent claim

18   terms.  Again, as was discussed in February, the Court

19   recognizes it ultimately has an obligation some time prior

20   to charging the jury to resolve any material disputes with

21   regard to construction of claim terms and claims, but that

22   does not, in the Court's view, mean that everything needs to

23   be decided at the Markman hearing at this point in the case.

24           So the parties are limited to asking the Court

25   to construe no more than 15 disputed terms.  Of course, if

1    you don't need 15, that's fine.  You are not obligated to

2    ask the Court to resolve 15.

3              All of these decisions are based on the

4    scheduled as it currently exists, and I don't have before me

5    any request to modify the schedule at this time.  If I do

6    get such a request, I will consider it when I get it, but my

7    ruling, again, is to reduce the number of asserted claims to

8    no more than a total of 20.  They can be broken down between

9    the two patents in whatever way that the plaintiff wishes,

10   but no more than a total of 20 by no later than three weeks

11   prior to the start of Markman process.

12             I don't want any more argument, but let me make

13   sure I have been clear on what I have ruled on both issues

14   and make sure there are no questions at this time.

15             First, Mr. Naini.

16             MR. NAINI:  Your Honor, just as a housekeeping

17   matter and because it affects a date on the case schedule.

18   I wanted to ask if the Court can tell the parties anything

19   about when it might rule on the pending motion to amend to

20   add additional parties.

21             THE COURT:  I don't have anything to tell you

22   other than that I am aware of the motion.

23             Is there anything else, Mr. Naini?

24             MR. NAINI:  No.  Thank you, your Honor.

25             THE COURT:  Mr. Krevitt?

# EXHIBIT C

```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4    NUVASIVE, INC.,                  :  CIVIL ACTION
                                       :
 5                 Plaintiff,          :
                                       :
 6            v.                       :
                                       :
 7    GLOBUS MEDICAL, INC.,            :
                                       :  NO. 10-849-LPS
 8                 Defendant.          :
                                    - - -
 9
                         Wilmington, Delaware
10                    Thursday, November 3, 2011
                         TELEPHONE CONFERENCE
11
                              - - -
12
      BEFORE:     HONORABLE LEONARD P. STARK, U.S.D.C.J.
13
                              - - -
14    APPEARANCES:

15
                 FISH & RICHARDSON, P.C.
16               BY:  TARA D. ELLIOTT, ESQ.

17                    and

18               FISH & RICHARDSON, P.C.
                 BY:  MICHAEL A. AMON, ESQ.
19                    (San Diego, California)

20                    Counsel for NuVasive Inc.

21
                 POTTER, ANDERSON & CORROON, LLP
22               BY:  RICHARD L. HORWITZ, ESQ.

23                    and

24

25                                Brian P. Gaffigan
                                  Registered Merit Reporter
```

```
 1   APPEARANCES (Continued):

 2
               WINSTON & STRAWN, LLP
 3             BY:   SHANE A. NELSON, ESQ.
                   (Houston, Texas)
 4
                       Counsel on behalf of Globus Medical, Inc.
 5

 6

 7

 8                         - oOo -

 9                 P R O C E E D I N G S

10          (REPORTER'S NOTE:  The following telephone

11   conference was held in chambers, beginning at 1:50 p.m.)

12          THE COURT:  Good afternoon, everybody.  This is

13   Judge Stark.  Who is there, please?

14          MR. HORWITZ:  Good afternoon, your Honor.  It's

15   Rich Horwitz in Wilmington for Globus; and with me is Shane

16   Nelson from Winston & Strawn.

17          THE COURT:  Okay.

18          MS. ELLIOTT:  Good afternoon, your Honor.  This

19   is Tara Elliott with Fish & Richardson on behalf of the

20   plaintiff NuVasive; and I have with me my counsel, Michael

21   Amon from the San Diego office.

22          THE COURT:  That is everybody, correct?

23          MR. HORWITZ:  Yes, your Honor.

24          THE COURT:  All right.  I have a court reporter

25   here with me; and this is our case of NuVasive Inc. versus
```

1    need to provide a reasonable number of claims that we can go

2    forward with even for our contentions before expert reports.

3    That is why we raised this issue when we did.

4              When we have our noninfringement contentions, I

5    mean, your Honor, we have our noninfringement contentions

6    due in two weeks.  They won't have to respond on invalidity

7    until they see our expert reports.  They have a pretty good

8    idea of what we're relying on from our contentions, and

9    they'll have a better idea then.  And,

10             Still, I haven't heard anything where Mr. Amon

11   has suggested that the equities that he is requesting here

12   are supported by any of the cases that either side has

13   discussed, and the typical pattern that this Court and other

14   courts have done, which is to require some narrowing of the

15   asserted claims much earlier and then, frankly, when we get

16   close to trial -- and I know we have done this with your

17   Honor before, even in the context of a pretrial conference,

18   where the parties say at that point, yes, we're going to

19   limit, we're going to "really" limit now, we're going to

20   "really" limit our number of the claims that we're going to

21   go forward on, and we're going to "really" limit our number

22   of prior art references.

23             But they're not apples and apples, they're

24   apples and oranges, so we don't think we should be held to

25   the same timetable that they should be held consistent with

1    the practice in this court and other courts.

2              THE COURT:  Okay.

3              MR. AMON:  Your Honor, this is Mike Amon.  If I

4    may, just one point.

5              THE COURT:  Go ahead.

6              MR. AMON:  I take issue with Mr. Horwitz's

7    position that we can determine where they're coming from on

8    validity given the breadth of their invalidity contentions

9    as they stand now.

10             That is the only point I want to raise.

11             THE COURT:  Okay.  Thank you.

12             Well, let me tell you what we are going to do.

13             In my view, the dispute that is clearly and

14   fully before me is simply the request by Globus that the

15   Court order a reduction in the number of asserted claims.

16   The request is that they be reduced from 55 to 15 and that

17   they be done some time before November 18th.

18             I'm going to grant in part and deny in part that

19   request.

20             I am going to require that the plaintiff

21   reduce the number of asserted claims to 15, which is five

22   per patent, although the number 15 did not need to be met by

23   five per patent.  It can be a total of 15 however allocated

24   among the patents in suit as plaintiff wishes.  And,

25             I'm not going to make the plaintiff do that in

1    the next week or two.  I am going to give them approximately

2    60 days from now to do it.  I'll give them until January

3    15th, 2012 to do it.

4            In the Court's view, this balances the party's

5    competing interests as well as the Court's interest in

6    managing this case and all of its other cases in an

7    effective and reasonable and efficient manner.

8            I recognize that this ruling requires, as a

9    consequence, that the defendant will have to provide its

10   noninfringement contentions with respect to all 55 asserted

11   claims that are currently in the case.  In the Court's view,

12   given how the case has developed and where we are now, that

13   is not inappropriate.  Therefore, that burden is on the

14   defendant and it will have to meet that burden.

15           While I recognize that the parties view it as

16   essentially coincidental that this dispute arose in the

17   middle of the ongoing Markman process, the Court is very

18   focused on the Markman process.  Having had a chance to look

19   at your case a bit in the course of preparing for today, the

20   Court is going to, and hereby does, reduce the number of

21   claim terms that are in dispute -- that is, that are not

22   in dispute but the number of disputes that the Court will

23   resolve in connection with the ongoing Markman process.

24           We will resolve no greater than 15 disputes with

25   respect to claim terms in connection with the upcoming

1    Markman hearing.

2              Therefore, in your upcoming answering claim

3    construction briefs, you need, and should, only address a

4    maximum of 15 disputes.  And, I'm going to direct the

5    parties to meet and confer and to agree on that list of 15

6    and advise the Court of that list of 15 no later than next

7    Wednesday.

8              Again, while I understand there may be

9    additional disputed terms beyond the 15, it's my view that

10   I am not obligated to resolve every claim dispute that the

11   parties have in connection with the Markman process.  I need

12   to resolve them all by the time I charge the jury but, of

13   course, that is a long time away, and there is no guarantee

14   whatsoever, as counsel who have practiced in front of me

15   know, there is no guarantee as to when you will get a

16   Markman ruling, and you should assume for purposes of plan

17   that you will not have a Markman ruling before your expert

18   reports are due, although you may have one but you should

19   assume you won't.

20             All else being equal, the fewer disputes we have

21   to resolve in connection with the Markman process, the more

22   efficient we can be in doing so, and that is part of what

23   motivates the ruling today with respect to the number of

24   disputes that the Court will resolve in connection with the

25   Markman.

# EXHIBIT D

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE


CLOUDING IP, LLC,            )
                             )
              Plaintiffs,    )
                             )  C.A. No. 12-638-LPS
v.                           )
                             )
                             )
APPLE, INC.,                 )
                             )
              Defendant.     )



                       Thursday, January 3, 2013
                       4:05 p.m.



                       844 King Street
                       Wilmington, Delaware


BEFORE:  THE HONORABLE LEONARD P. STARK
         United States District Court Judge


APPEARANCES:


         BAYARD, P.A.
         BY:  RICHARD D. KIRK, ESQ.
         BY:  STEPHEN B. BRAUERMAN, ESQ.

                   -and-


         RUSS AUGUST & KABAT
         BY:  MARC A. FENSTER, ESQ.
         BY:  JASPAL HARE, ESQ.

                       Counsel for the Plaintiff
```

```
 1   APPEARANCES CONTINUED:

 2

 3           POTTER ANDERSON & CORROON, LLP
             BY:  RICHARD HORWITZ, ESQ.
 4
                    -and-
 5
             BRIDGES & MAVRAKAKIS, LLP
 6           BY:  JOEL R. MERKIN, ESQ.
             BY:  ADAM R. BRAUSA, ESQ.
 7
                       Counsel for Defendant Apple
 8

 9           RICHARDS LAYTON & FINGER, P.A.
             BY:  FREDERICK COTTRELL, III, ESQ.
10
                    -and-
11
             KASOWITZ BENSON TORRES & FRIEDMAN
12           BY:  GABRIEL S. GROSS, ESQ.
             BY:  PATRICIA YOUNG, ESQ.
13           BY:  REBECCA UNRUH, ESQ.

14                       Counsel for Defendant Oracle

15
             MORRIS NICHOLS ARSHT & TUNNELL, LLP
16           BY:  JACK B. BLUMENFELD, ESQ.

17                    -and-

18           ARNOLD & PORTER, LLP
             BY:  MICHAEL A. BERTA, ESQ.
19           BY:  NICHOLAS NOWAK, ESQ.

20                       Counsel for Defendants
                         Google and Motorola Mobility
21

22

23

24
```

```
 1    APPEARANCES CONTINUED:

 2

 3            ASHBY & GEDDES, P.A.
              BY:  STEVEN J. BALICK, ESQ.

 4                    -and-

 5            PERKINS COIE
              BY:  DANIEL T. SHVODIAN, ESQ.
 6
                      Counsel for Defendant Amazon.com
 7

 8

 9            MORRIS JAMES, LLP
              BY:  KENNETH L. DORSNEY, ESQ.
10
                    -and-
11

12            BY:  LAWRENCE MACON, ESQ.
              BY:  MELANIE COWART, ESQ.
13
                      Counsel for Defendant Rackspace
14

15

16

17

18

19

20

21

22

23

24
```

1      just, given this new deposition proposal, that

2      the witnesses, especially 30(b)6 witnesses, all

3      these companies, while they may -- although

4      others can confirm do business in the U.S., they

5      are global companies.  And there are witnesses

6      overseas.

7              And I understand that we're not sure

8      about the fact that, you know, it is unlikely

9      that there may even be witnesses overseas.  But,

10     however, to the extent that they're working

11     overseas, we would request that those witnesses

12     be made available where the witnesses reside.

13             THE COURT:   All right.

14             MS. YOUNG: Especially because --

15     sorry.

16             THE COURT:   That's okay.  Thank

17     you.

18             Let me tell you what I want to see

19     in the new version of the Proposed Scheduling

20     Order.  And I hereby order that the plaintiff, on

21     behalf of all parties, submit a revised Proposed

22     Scheduling Order and to do so next Monday

23     consistent with the rulings I am going to give

24     you.

1          First, in terms of the timing for

2    the default standard disclosures and production

3    there, this is the dispute at Pages 2 and 3 of

4    your proposal.  I agree on the first issue with

5    the plaintiffs.  I think the 70 days will be

6    adequate, even though I recognize there are a

7    large number of patents at issue here.

8          So the first sentence of plaintiff's

9    proposal should appear in the Order.  However, I

10   agree with the defendants on the definition of

11   accused product being narrowed here to the

12   accused functionalities of the accused product as

13   set out in the second paragraph of defendants'

14   proposal.

15         I think it's important with this

16   many patents, and this many parties and this many

17   related cases that we take serious efforts to

18   narrow things right from the start.  And I think

19   this definition of accused product is appropriate

20   in this case.

21         Next, in terms of narrowing the

22   asserted claims, I'm going to adopt a two-part

23   structure like plaintiffs now propose.  What was

24   their number two and number three, obviously, it

1  will now become number one and number two.  Those

2  dates are fine.

3           But the narrowing will be even more

4  stringent than what the plaintiffs propose at

5  step one.  The number of patent claims will be

6  limited to no more than 40.

7           And at step two, it will be limited

8  to no more than 20.  I think it's appropriate to

9  narrow to try to keep this case at some sort of

10 manageable scale for the Court and for the

11 parties.

12          I think it's appropriate to do it in

13 two steps to reduce somewhat before the Markman

14 Order and to reduce further after the Markman

15 Order.  And let me just note as an aside, even

16 though that means there's going to be quite a lot

17 of patents and quite a lot of patent claims, at

18 issue, at the time of the Markman, I will not

19 necessarily be construing an unlimited number of

20 patent claims or patent terms that may or may not

21 be in dispute.

22          I'm not setting a limit right now on

23 the number of disputes that we'll resolve in

24 connection with the initial Markman process.  But

1   the parties should not expect that if they come

2   with an outrageous number of disputes, that we

3   will resolve an outrageous number of disputes.

4              Beyond that, that takes me to the

5   document production date.  We'll go with the

6   defendants' proposed date there.

7              Document production substantially

8   complete by October 11th, 2013.  That's an

9   appropriate date, given the scale of the case and

10  given where the case will be.  It's an

11  appropriate point in the schedule as defendants

12  propose.

13             On the number of deposition hours,

14  I'm also going to go with the defendants'

15  proposal there.  I think what the defendants have

16  proposed is adequate as an initial manner.

17             If the plaintiffs find, after they

18  are getting close to using the 70 hours for each

19  defendants there, that they need more, you all

20  meet and confer. And if the defendants are being

21  unreasonable, come to the Court.  And if you make

22  a showing that it's appropriate, I will expand

23  the number of hours at that time.

24             Likewise, I think it's appropriate,