IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GREATBATCH LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-723-LPS |
| AVX CORPORATION and AVX FILTERS CORPORATION, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **22nd** day of **September, 2015**:

Pending before the Court are two motions to strike, one filed by each side. **IT IS HEREBY ORDERED** that both motions (D.I. 386, 419) are **DENIED**.

Having reviewed the parties' letter briefs (D.I. 387, 412, 421) with respect to Defendants AVX Corporation and AVX Filters Corporation's ("Defendants") Motion to Strike Plaintiff's "Percolation Network" Theory of Infringement of U.S. Patent No. 6,765,779 (the "'779 patent") (D.I. 386), Defendants' motion is denied.

1. Weighing the factors outlined in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977), the Court finds that whatever prejudice Defendants may have suffered (or will suffer) from Plaintiff Greatbatch Ltd.'s ("Plaintiff") "percolation network" theory of infringement is outweighed by other factors, including the importance of the

1

information Defendants seek to strike.[1] As Defendants themselves acknowledge, "[t]he 'percolation network' theory is the entirety of Greatbatch's infringement case for the '779 patent." (D.I. 387 at 3) If true, Plaintiff's percolation network theory is undeniably important, weighing in Plaintiff's favor (as the Court should be more reluctant to strike it).

2. Moreover, the Court agrees with Plaintiff that its expert in effect disclosed the percolation network theory in his opening expert report, contrary to Defendants's view. From this finding, it follows that Defendants have failed to show that they were unfairly surprised or meaningfully prejudiced in some other manner by Plaintiff's assertion of its theory. Notably, Defendants' expert opined on a percolation network theory of infringement in his responsive expert report and Defendants had an opportunity to depose Plaintiff's experts regarding this theory. (See D.I. 412 at 5)

3. Three other *Pennypack* factors weigh in Plaintiff's favor: (1) there is no evidence of bad faith or wilfulness in Plaintiff's allegedly late disclosure of the theory, (2) it is unlikely that the alleged nondisclosure will disrupt trial, and (3) any potential prejudice can be (or already has been) cured.

Having reviewed the parties' letter briefs (D.I. 420, 424, 433) with respect to Plaintiff's Motion to Strike Newly Disclosed Prior Art References and Obviousness Combinations (D.I.

---

[1] *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012) (*comparing E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 116-17 (5th Cir. 1993) (finding abuse of discretion in district court's exclusion of expert testimony, in part, because total exclusion of such testimony "was tantamount to a dismissal of the [plaintiff's] ... claim") *with Harmar Coal Co. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 926 F.2d 302, 302 (3d Cir. 1991) (finding no abuse of discretion in district court's exclusion of proffered expert testimony, in large part because "the record [was] totally devoid of any indication of ... how th[e] testimony might have bolstered [the plaintiff's] case," and thus, there was "no basis whatever for believing that the admission of expert testimony would have influenced the outcome of th[e] case")).

419), Plaintiff's motion is denied.

1. First, Plaintiff has not specifically articulated what unfair prejudice it may suffer if Defendants' allegedly late disclosure of prior art references and combinations is not stricken. Instead, Plaintiff vaguely asserts that it has been "unfairly surprised by the new combinations [of prior art references] in AVX's New Disclosure." (D.I. 420 at 2) The Court is not persuaded.

2. Second, whatever prejudice Plaintiff may have suffered (or will suffer) is outweighed by other factors, including the importance of the information Plaintiff seeks to strike. *See ZF Meritor*, 696 F.3d at 299; *see also supra* p. 2 ¶ 2 & n.1. What Plaintiff seeks to strike is undeniably important: the entirety of Defendants' invalidity case for three of the five asserted patents and for three of the five asserted claims of another asserted patent. (*See* D.I. 424 at 1) This weighs in Defendants' favor.

3. Finally, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers*, 559 F.2d at 905. The Court does not find willful deception or flagrant disregard of any court order. To the contrary, the Court intended – by issuing its Order of July 28, 2015 (D.I. 368) – that Defendants would finally identify their invalidity contentions by August, 17, 2015, and this is exactly what Defendants did. The Court set a date for disclosure that would not disrupt trial and Defendants met their obligations by that deadline.

HON. LEONARD P. STARK
U.S. DISTRICT COURT JUDGE

3