IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREATBATCH LTD., | : |
| Plaintiff, | : |
| v. | : |
| | : C.A. No. 13-723-LPS |
| AVX CORPORATION and | : |
| AVX FILTERS CORPORATION, | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this **10th** day of **December, 2015**:

Having reviewed the parties' filings (D.I. 515, 534, 535, 543, 545) related to Defendants AVX Corporation and AVX Filters Corporation's ("AVX" or "Defendants") motion to stay litigation (D.I. 514) ("Motion") of U.S. Patent No. 5,905,627 (the "'627 patent") pending (1) appeal of a final written decision by the Patent Trial and Appeal Board ("PTAB") in an *inter partes* review ("IPR") proceeding related to the '627 patent and (2) resolution of proceedings related to an application for reissue of the '627 patent (*see* D.I. 535 at 1),

**IT IS HEREBY ORDERED** that, for the reasons stated below, Defendant's Motion (D.I. 514) is **DENIED**.

1. Defendants seek a stay of litigation relating to the '627 patent in light of the above-mentioned appeal and reissue proceedings. (D.I. 535 at 1) The PTAB did not institute IPR with respect to claim 12 of the '627 patent – the sole claim of the '627 patent currently asserted in this case – having found that AVX failed to show a reasonable likelihood that claim

1

12 was anticipated or obvious. (*See* D.I. 536-1 Ex. L at 23-24)

2.  The Court typically considers three factors when deciding whether to stay litigation: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *1 (D. Del. July 2, 2013).

3.  Regarding the first factor, whether a stay would unduly prejudice or present a clear tactical disadvantage to Plaintiff Greatbatch Ltd. ("Greatbatch" or "Plaintiff"), the Court notes that Defendants filed their petition for IPR on the last day permitted by statute (*see* 35 U.S.C. § 315(b)). (*See* D.I. 534 at 9) Moreover, Defendants delayed moving for a stay until after completion of discovery, after completion of the parties' briefing for summary judgment and *Daubert* motions, almost a year after the PTAB instituted IPR, and less than two months before the pre-trial conference. While delay, by itself, is insufficient to find undue prejudice, *see Neste Oil Oyj v. Dynamic Fuels, LLC*, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013) (citing *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010)), here Defendants' delay *in combination with* the parties' status as competitors (or potential competitors) (D.I. 534 at 11),[1] persuade that Court that this first factor weighs against a stay. Taking as true Defendants' assertion that they are no longer producing the accused products, however, the Court will give this factor less weight in its analysis than the other two factors.

---

[1] Defendants do not appear to dispute Plaintiff's characterization of the market as consisting of two competitors. Moreover, while it appears that Defendants may no longer be making the accused products (*see* D.I. 535 at 8-9; D.I. 536-1 Ex. P at 1), Defendants have declined to state categorically that they no longer compete with Plaintiff in the relevant market.

4. The second factor, whether a stay will simplify the issues, relates to the issues that may be resolved by other tribunals during a stay. *See Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011). As noted, the IPR was not instituted as to claim 12, and the PTAB's final written decision did not directly address claim 12. Any appeal from the PTAB's decision will also not directly address claim 12. *See ZOLL Lifecor Corp. v. Philips Elecs. N. Am. Corp.*, 577 F. App'x 991, 993 (Fed. Cir. 2014) (ruling that PTAB non-institution decisions in IPR proceedings are not appealable). Defendants nevertheless argue that the Federal Circuit's analysis with respect to claims 11 and 13 (like the PTAB's analysis of those unasserted claims) may illuminate issues with respect to the validity of claim 12. (*See* D.I. 535 at 2-3) In addition, Defendants argue that claim 12 may be rejected or amended during reissue proceedings involving the '627 patent. (*Id.* at 2) Because the Court already has the benefit of the PTAB's final written decision, and because any forthcoming insight regarding the validity of claim 12 from the Federal Circuit or reissue proceedings is wholly speculative at this point,[2] the Court determines that this factor weighs against a stay.

5. Finally, considering the status of discovery and whether a trial date has been set, the Court notes that discovery is complete,[3] the Court has construed the disputed claim terms (*see* D.I. 282) and ruled on the parties' multitude of motions (*see, e.g.*, D.I. 546), the pretrial conference is less than two weeks away, and a jury trial (which has been on the schedule since April 2014 (*see* D.I. 79)) begins in a month (January 11, 2016). Hence, the third factor weighs

---

[2]Defendants do not cite any rejection by the Patent Office or proposed amendment to claim 12 resulting from the reissue proceedings.

[3]The discovery process involved at least five discovery teleconferences, an indication of the vast amount of party and judicial resources that have been expended on this litigation, factors that – in the overall balancing here – favor staying on course and proceeding to trial on all of the remaining patents-in-suit.

heavily against a stay.

6. Weighing the pertinent factors, the Court concludes that they do not favor granting the requested stay. Accordingly, Defendants' Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall present oral argument with respect to Greatbatch's Motion for Sanctions Under Rule 37(b) for AVX's Violation of the Court Order to Produce Ingenio Core Technical Documents (D.I. 507) at the pretrial conference scheduled for December 22, 2015.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE