IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREATBATCH LTD., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : C.A. No. 13-723-LPS |
| AVX CORPORATION and | : |
| AVX FILTERS CORPORATION, | : |
| | : |
| Defendants. | : |
| | : |

## MEMORANDUM ORDER

At Wilmington this **5th** day of **January, 2016**:

Having reviewed the parties' filings (D.I. 564, 564-1, 566-70) related to matters covered at the December 22, 2015 Pretrial Conference,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Greatbatch Ltd.'s ("Greatbatch" or "Plaintiff") request that the Court decide the issue of infringement of claim 12 of U.S. Patent No. 5,905,627 ("'627 patent") as a matter of law (*see* D.I. 566 at 1-2) is **DENIED**. There are genuine disputes of material fact with respect to this issue, including at least "whether the radiofrequency antenna hole in the accused devices is part of the feedthrough filter capacitor, *i.e.*, how to apply the term 'feedthrough filter capacitor' to the accused devices." (D.I. 569 at 1)

2. Greatbatch's request to preclude Defendants AVX Corporation and AVX Filters Corporation ("AVX" or "Defendants") from presenting arguments at trial that claim 12 of the '627 patent is obvious in light of certain Medtronic prior art is **GRANTED**. AVX did not

disclose, in their expert reports or invalidity contentions, an argument that claim 12 of the '627 patent is obvious in light of that certain Medtronic prior art. (*See* D.I. 566 at 2)

3. Greatbatch's request to preclude AVX from presenting any derivation argument with respect to claim 12 of the '627 patent at trial is **GRANTED**. AVX did not disclose, in their expert reports or invalidity contentions, an argument that claim 12 of the '627 patent is invalid under 35 U.S.C. § 102(f). (*See* D.I. 566 at 2-3)

4. With respect to the parties' dispute as to the sequestration of Professor Stevenson, who will testify as both a fact and expert witness, the Court will permit Stevenson to be present in the courtroom for testimony of other witnesses whose testimony relates to issues on which Stevenson is being permitted to opine as an expert, as well as the testimony of all witnesses after Stevenson has concluded all of his testimony as a fact witness. At all other times, Stevenson will be treated as a fact witness and sequestered accordingly. The Court will resolve at trial any disputes as to implementation of these rulings.

5. AVX's request that Dr. Spingarn be precluded from testifying at trial (D.I. 567 at 1) is **GRANTED**, provided that AVX adheres to its representation that it will not challenge on authenticity grounds the admissibility of the documents prepared by labs retained by Greatbatch. (*See* D.I. 567 at 1)

6. Regarding Defendants' late production of documents (*see generally* D.I. 564, 564-1, 570), the Court **GRANTS** Plaintiff's requested relief (*see* D.I. 570 at 7), with modifications, as follows: (1) Greatbatch **SHALL** be permitted to conduct post-trial discovery into AVX's efforts to collect and produce documents regarding the Ingenio products; (2) AVX **SHALL PRODUCE** to Plaintiff a privilege log for all Ingenio documents, but may do so *after trial* by a date that will

be determined by the Court; without knowledge of the quantity of documents with respect to which AVX is asserting privilege, and given that trial is just six (6) days away, the Court is unwilling to order the diversion of the parties' limited pretrial resources into the preparation of a privilege log and potential disputes as to its sufficiency; (3) the Court's grant of summary judgment of no willful infringement of U.S. Patent No. 6,888,715 ("'715 patent") is **VACATED**; and (4) the Court **GRANTS** summary judgment that AVX's Ingenio FFTs infringe the '715 patent. The foregoing relief is warranted.[1] It would be unfairly prejudicial to require Greatbatch to prove at trial infringement of the '715 patent by a product for which AVX has only now produced core technical documents. There is insufficient time before trial to ameliorate this unfair prejudice (e.g., through further discovery and other limited relief proposed by AVX). **IT IS FURTHER ORDERED** that, **no later than January 6, 2016,** the parties, after meeting and conferring, shall file a proposed order to modify any prior order(s) of the Court as necessary to reflect the relief now being granted to Greatbatch by operation of the instant order.

---

[1] *See generally* D.I. 570 at 1-2 (Greatbatch explaining it is seeking admittedly "severe" relief based on "egregious discovery misconduct" "bearing on a central issue of infringement" "[i]n this contentious litigation between direct competitors"); D.I. 564-1 at 1-2 (AVX's counsel acknowledging that his prior representation that the design change in the accused product was not to any degree made to avoid infringement must now be "correct[ed]" to state that implementation of that change was, in fact, "informed" in part by "patent infringement concerns," thereby necessitating the late production of additional core technical documents).

Because this order has been issued under seal, the parties shall meet and confer and submit, **no later than January 6, 2016**, any proposed redactions. Thereafter, the Court will make its order publicly-available.

                                                          HON. LEONARD P. STARK
                                                          UNITED STATES DISTRICT JUDGE