IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREATBATCH LTD., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : C.A. No. 13-723-LPS <br> AVX CORPORATION and : <br> AVX FILTERS CORPORATION, : <br> : <br> Defendants. : <br> : | |

## MEMORANDUM ORDER

At Wilmington this **8th** day of **January, 2016**:

Having reviewed Defendants AVX Corporation and AVX Filters Corporation's ("AVX" or "Defendants") opening brief and exhibits (D.I. 585, 586) in support of AVX's Motion for Reconsideration (D.I. 584) ("Motion") of the Court's grant of certain relief (D.I. 573) requested by Plaintiff Greatbatch Ltd. ("Greatbatch" or "Plaintiff") in light of AVX's late production of documents on what was essentially the eve of trial (*see generally* D.I. 564), **IT IS HEREBY ORDERED** that AVX's Motion is **DENIED** to the extent it seeks "a continuance of the trial date or bifurcation of the '715 patent" (D.I. 573 at 10)[1] and is **DENIED WITHOUT PREJUDICE** in all other respects, to permit AVX to renew its request (if it wishes) in connection with post-trial motions that may follow the conclusion of the jury trial scheduled to

---

[1] Rewarding AVX with a continuance or bifurcation with respect to the '715 patent in light of AVX's late production of documents, less than two weeks before trial, would be improper.

1

begin on Monday, January 11, 2016.

AVX requests that the Court "vacate its sanctions order" (*see* D.I. 585 at 10), referring to the Court's Memorandum Order of January 5, 2016 (D.I. 573) ("January 5 Order"). AVX characterizes the relief granted by the January 5 Order as "case-dispositive" (D.I. 585 at 4) and criticizes the Court for imposing sanctions "without hearing from AVX" (*id.* at 7).

The Court's primary concern in granting the relief in its January 5 Order was the potential disruption of trial caused by AVX's late production of "approximately 170" documents "that concern the Ingenio pin washer change." (D.I. 564-1 at 3) The Court granted the relief in the January 5 Order for reasons including that "[i]t would be unfairly prejudicial to require Greatbatch to prove at trial infringement of the '715 patent by a product for which AVX has only now produced core technical documents," and also because, even if all of the documents were "cumulative" (as now alleged by AVX (*see* D.I. 585 at 7 n.11)), it would be unfair for Greatbatch to have to review the "approximately 170" documents and make an independent determination as to whether those documents are indeed cumulative (in addition to conducting whatever discovery may have been necessary related to the documents).

AVX criticizes the Court for not making specific findings of fact related to the "probative value" of the late-produced documents[2] or any potential "bad faith" exhibited by AVX. (*See* D.I. 585 at 7-9) It appears that AVX expected Greatbatch and the Court to devote significant

---

[2] AVX appears to concede that "new information" was disclosed to Greatbatch in its late document production, including the fact that AVX management directed that certain measures be taken to avoid patent infringement. (*See* D.I. 585 at 6) On its face, this "new information" appears probative of whether prior versions of Ingenio, produced before such instructions from management, may have infringed. AVX's argument that such evidence may not be admissible (*see id.* at 7 n.11), even if correct (an issue the Court need not decide), does not render such evidence undiscoverable.

amounts of time and effort to scrutinizing AVX's late production with just days left before trial, to the detriment of other trial preparations Greatbatch was engaged in and to the detriment of other cases on the Court's docket. In this regard, it is noteworthy that the chain of events leading to the Court's January 5 Order was an unsolicited (and unexpected) December 29, 2015 letter from AVX, in which AVX's counsel concluded he must correct the record in material respects and produce additional documents, and which proposed relief that would have been insufficient to remedy the harm AVX's late production caused to Greatbatch.

The timing of AVX's production of core technical documents was such that seemingly the only practical options were to reward AVX by a continuance or bifurcation or diversion of Greatbatch's pretrial resources to a new issue, or instead to proceed to trial according to the schedule in place and resolve the issue to which the late production related against AVX. AVX will have an opportunity to ask the Court to reconsider this analysis and conclusion, but it will be at a time that does not cause further disruption to the long-scheduled trial.

As this Order has been filed under seal, the parties shall, no later than Monday, January 11, 2016, advise the Court as to any requested redactions. Thereafter, the Court will issue a public version.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE