IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREATBATCH LTD., | : |
| Plaintiff, | : |
| v. | : |
| | : C.A. No. 13-723-LPS |
| AVX CORPORATION and | : |
| AVX FILTERS CORPORATION, | : |
| Defendants. | : |

### MEMORANDUM ORDER

At Wilmington this **20th** day of **July, 2017**:

Having reviewed the Joint Proposed Pretrial Order (D.I. 986) ("PTO"), relating to the jury trial scheduled to begin on August 7, 2017,[1]

**IT IS HEREBY ORDERED** that:

1.  Plaintiff Greatbatch Ltd.'s ("Greatbatch" or "Plaintiff") proposed language at pages 3-4 of the PTO is ADOPTED, as is Defendants AVX Corporation and AVX Filters Corporation's ("AVX" or "Defendants") proposed footnote 1, as both proposals accurately reflect statements the Court has previously made about the status of the damages award contained in the jury verdict of January 2016.

2.  When a witness is called to testify by designated deposition testimony, the party

---

[1] The August jury trial will involve allegations that the Ingenio FFT infringes the '715 and '779 patents and, if necessary, allegations of willful infringement of the '715 patent. A subsequent bench trial will involve the defenses of laches and equitable estoppel.

1

calling the witness will provide the Court with *three* copies of the transcript of the final designations and counter-designations that will be read or played (one for the judge, one for the law clerk, and one for the court reporter). (*See* PTO at 10)

3.    Provided that a party does nothing that "opens the door" to a Court-imposed remedy, no lawyer will be permitted to testify as a witness at the forthcoming trial and no correspondence written by any trial counsel will be admitted as an exhibit (absent agreement of the parties and/or redactions sufficient to prevent the jury from learning that the document includes the name of any trial counsel), and such exhibits as contained in either party's proposed exhibit list are STRICKEN. (*See* PTO at 15-16)

4.    Both sides' repeated objections relating to the other side's alleged violations of the Court's limits on the number of motions *in limine* that may be presented[2] are noted, are likely all meritorious, and are all OVERRULED, as both sides appear equally unwilling to abide by either the letter or the spirit of the Court's limitations.[3]

5.    AVX's request that the Court micromanage which hotel the parties stay at, or which hotel the Clerk's Office finds suitable to accommodate jurors traveling from great

---

[2]*See, e.g.*, PTO at 15 n.2 (AVX contending "Greatbatch has used the identification of 'additional matters' to effectively brief a fourth motion"); PTO at 17 ("Greatbatch objects to AVX's presentation of this miscellaneous issue, which seeks the preclusion of evidence and is therefore a motion *in limine*."); PTO at 18 (same); PTO at 19 (same); PTO Ex. 12 GB Opp. at 1 (asserting that AVX's MIL #1 constitutes "three separate motions to exclude evidence"); PTO Ex. 12 GB Opp. at 1 (asserting that AVX's MIL #2 constitutes "two motions in one"); PTO Ex. 12 GB Opp. at 1 (asserting that AVX's MIL #3 "is actually two motions").

[3]At many points this case has been marked on both sides by a mutual lack of practicality, as the parties have flooded the Court with an overwhelming number of motions. (*See, e.g.*, D.I. 356, 386, 388, 389, 390, 391, 394, 397, 398, 399, 404, 419, 425, 427, 430, 507, 552, 584, 830, 878, 911, 924, 934, 936; *see also, e.g.*, D.I. 546 (addressing what the Court viewed as fifty-two separate motions for summary judgment or to exclude expert testimony))

distances (*see* PTO at 17), is DENIED.

6. Pursuant to 35 U.S.C. § 298, Greatbatch is prohibited from making any reference to or suggestion regarding the failure of AVX to obtain advice of counsel in connection with the '715 and '779 patents before the jury. (PTO at 17)

7. Both parties are precluded from making any suggestions before the jury concerning the content of material that has been redacted in documents. (PTO at 18)

8. As the parties have agreed that they wish to have the Court instruct the jury that certain documents were marked as confidential before trial for purposes unrelated to trial, and that the jury should give no consideration to such markings, they shall include such an instruction in the proposed preliminary jury instructions. (PTO at 20)

9. The juror notebooks should include, in addition to the materials agreed upon by the parties (PTO at 21), a photograph of each witness who will be called to testify at trial, along with space on the page containing the photograph for jurors to mark notes, should they wish to do so.

10. Greatbatch's motion *in limine* ("MIL") #1, to preclude AVX from presenting the testimony of Dr. Panlener by deposition (Rule 30(b)(6) or 30(b)(1)), is GRANTED. The Court agrees with Greatbatch that "depriving Greatbatch of a key opportunity to challenge Dr. Panlener's credibility" (PTO Ex. 11 GB Mot. at 1) would be unfairly prejudicial, under the totality of circumstances, including Dr. Panlener's role as an employee and then consultant to AVX, his numerous instances testifying (including as a corporate representative), and representations made as to the termination of his relationship with AVX (which appears to have been related to conduct that may be probative of issues that are the subject of the forthcoming

3

trial). In practical effect, AVX may have "procured" the absence of Dr. Panlener (by terminating its relationship with him after relying on his deposition testimony, and depriving Greatbatch of an opportunity to cross-examine him regarding that termination, and then attempting to rely on Dr. Panlener's necessarily incomplete testimony at trial). *See* FRCP 32(a)(4)(B) ("A party may use for any purpose the deposition of a witness, . . . if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, *unless* it appears that the witness's absence was procured by the party offering the deposition.") (emphasis added). Regardless of whether AVX may fairly be viewed as having "procured" Dr. Panlener's absence, the Court agrees with Greatbatch that "it would be unfair to permit AVX to secure Dr. Panlener's self-serving testimony about, for instance, the purported pin washer changes, and thereafter fire him so that AVX can play his deposition to the jury and avoid the specter of his live testimony." (PTO Ex. 11 GB Mot. at 3) While Greatbatch took extensive deposition testimony from Dr. Panlener (evidently running to four days) (*see* PTO Ex. 11 AVX Opp. at 3), Greatbatch has had *no opportunity* to question him regarding his termination, and AVX's position would leave Greatbatch with no fair opportunity to allow the jury to evaluate Dr. Panlener's credibility.

The Court disagrees with AVX's insistence that it "is *entitled* to present" Dr. Panlener's deposition testimony at trial (PTO Ex. 11 AVX Opp. at 1) (emphasis added), as Rule 32(a)(4)(B) ("A party *may* use for any purpose the deposition of a witness . . .") (emphasis added), does not override the Court's discretion to manage the trial in a manner that is fair to both sides and consistent with all other applicable rules. *See generally Garcia-Martinez v. City & Cty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) ("Other cases hold that the mere fact that a party is more than 100 miles from the courthouse does not *require* the district court to *automatically*

admit a party's deposition.") (emphasis added). The appropriate exercise of the Court's discretion under the circumstances is to grant Greatbatch's motion.

11. Greatbatch's MIL #2, to preclude evidence that Boston Scientific Corp. ("BSC") retroactively approved AVX's pin washer changes, is DENIED. This evidence is probative of infringement (e.g., whether the change was implemented, whether it was timely disclosed to BSC, whether BSC was troubled by it, whether AVX felt it had anything to hide, whether AVX felt it had potential issues relating to infringement); its probative value is not nearly outweighed by the risk of issue confusion;[4] it does not constitute expert opinion or hearsay (it is instead the communication of a fact, in documents kept in and relied on in the ordinary course of business, and also goes to state of mind); and the timing of its disclosure was not unfairly prejudicial (for reasons including the deposition this week of AVX witness Don Dollar (see, e.g., D.I. 996)). The Court further agrees with AVX that granting this motion would unfairly allow Greatbatch "to present a one-sided and incomplete story concerning the 2014 off-specification use of pin washers." (PTO Ex. 11 AVX Opp. at 1)

12. Greatbatch's MIL #3, to preclude AVX from discussing the composition of pins in support of its non-infringement position and from opining it did not infringe because it would not have received the benefits of the '715 patent, is DENIED. These matters are probative of whether infringement occurred (including, e.g., whether evidence on rejected Ingenio FFTs has any bearing on whether the saleable Ingenio FFTs infringe the '715 patent), and provide

---

[4]Greatbatch itself characterizes the evidence of the pre-approval design changes as "highly probative circumstantial evidence" (PTO Ex. 11 Greatbatch Rep. at 1), making it all the more appropriate to give both sides a full and fair opportunity to put that evidence in context for the jury.

appropriate, fair context in which the jury will evaluate the issue of infringement. "[I]t would be highly prejudicial to AVX for it to assert that its parts were designed to connect to the pin material (a non-infringing design) without being able to explain why, from a technical perspective, this made sense in the context of AVX's manufacturing of the Ingenio FFTs." (PTO Ex. 11 AVX Opp. at 2) The minimal risk that the jury will be confused (e.g., mistakenly thinking that the pin material is an element of any asserted claim) can be fully addressed by proper jury instructions. None of the concerns of FRE 403 nearly outweigh the probative value of the evidence at issue in this motion.

13. AVX MIL #1, to preclude evidence that AVX caused a potential public health scare and violated contractual obligations owed to BSC, is GRANTED IN PART with respect to FDA-related and public health evidence and DENIED IN PART with respect to BSC-related evidence. As to the former category, there is little, if any, evidence that AVX violated obligations owed to the FDA and thereby threatened public health and any suggestion to the contrary would improperly risk inflaming the jury, meaning the concerns of Rule 403 substantially outweigh any probative value of this evidence. The balance is different with respect to BSC-related evidence, as the full scope of the relationship between AVX and BSC is probative of the issues of infringement, including for reasons already noted in this Memorandum Order.

14. AVX's MIL #2, to preclude evidence or argument concerning indemnification or damages, is GRANTED. While there may be some probative value to some of this evidence, that probative value is substantially outweighed by the risk of juror confusion and unfair prejudice to AVX. Damages are not at issue in the forthcoming trial; nor is indirect infringement.

15. AVX's MIL #3, to preclude evidence or argument of infringement or copying of

patents or by products not at issue at the forthcoming trial, is GRANTED. Such evidence is not relevant to the issue of whether the '715 and '779 patents are infringed. There is no need for the jury to learn of the fact that the 2016 trial occurred nor its outcome. Even were there some relevance to the evidence at issue in this motion, it would be substantially outweighed by the risk of unfair prejudice to AVX, particularly as it would create the possibility of the August 2017 jury deferring to the conclusion of the January 2016 jury that AVX is an infringer, and of confusing the jury.[5]

16.     The parties shall be prepared to discuss all remaining disputed and miscellaneous issues identified in the PTO – including Greatbatch's request to provide individual copies of exhibits containing images to the jury (PTO at 11), whether witnesses who will testify live must be made available to be called in the opposing party's case-in-chief as well as during the willfulness portion of the trial (PTO at 14 & Ex. 13), and what, if any, comment may be made as to "missing witnesses" (PTO at 19-20) – at the pretrial conference later today.

_____<br>
HON. LEONARD P. STARK<br>
UNITED STATES DISTRICT JUDGE

---

[5]The Court recognizes the possibility that the Rule 401, 402, and 403 analyses with respect to some of the evidence at issue in this motion may differ at the willful infringement portion of the trial, should that portion of the forthcoming phased trial be necessary. After the conclusion of the infringement trial, Greatbatch may seek leave to present some or all of the evidence being excluded by the Court's ruling on AVX MIL #3 at the willfulness trial.