## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GREATBATCH LTD., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 13-723-LPS |
| AVX CORPORATION and | : | |
| AVX FILTERS CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### MEMORANDUM ORDER

At Wilmington this **20th** day of **July, 2017**:

Pending before the Court are (1) Plaintiff Greatbatch Ltd.'s ("Greatbatch" or "Plaintiff")

motion to exclude opinions of Defendants AVX Corporation and AVX Filters Corporation's

("AVX" or "Defendants") expert witnesses Craig D. Hillman, Ph.D. and William B. Johnson,

Ph.D. (D.I. 934); and (2) AVX's motion to exclude expert testimony of Professor Steven M.

Pilgrim, Ph.D. (D.I. 936). Having reviewed the parties' motions and associated briefing (D.I.

935, 939, 952, 954, 964, 966),

**IT IS HEREBY ORDERED** that:

1.     In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the

Supreme Court explained that Federal Rule of Evidence 702 creates "a gatekeeping role for the

[trial] judge" in order to "ensur[e] that an expert's testimony both rests on a reliable foundation

and is relevant to the task at hand." Rule 702(a) requires that expert testimony "help the trier of

fact to understand the evidence or to determine a fact in issue." Expert testimony is admissible

1

only if "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). There are three distinct requirements for proper expert testimony: (1) the expert must be qualified; (2) the opinion must be reliable; and (3) the opinion must relate to the facts. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

       2.       Greatbatch's motion to exclude opinions of AVX expert witnesses Drs. Hillman and Johnson (D.I. 934) is **GRANTED IN PART** and **DENIED IN PART**.

       A.       Greatbatch's motion with respect to Dr. Hillman is DENIED. Greatbatch seeks to exclude portions of Dr. Hillman's testimony on two grounds: (1) his theory regarding sample smearing is (a) not generally accepted in the scientific community and (b) unreliable; and (2) his testimony regarding conductivity of the reaction zone is not sufficiently certain to be admissible.

       i.       Regarding the first ground, the parties agree that industry standard procedures were used in cross-sectioning the Ingenio FFT samples and that such procedures can induce inadvertent damage to the samples, including the smearing of soft metals by hard metals. Greatbatch argues, however, that Dr. Hillman's theory that such smearing moves materials "over distances from ten microns to distances over hundreds of microns" (D.I. 935 at 5) is not supported by the literature, which "does not reveal any smearing of metals beyond a distance of one micron." (*Id.*) In addition, Greatbatch argues that Dr. Hillman's theory is unreliable because it does not account for certain observed data, is speculative, and "contradicts basic chemical principles." (*Id.* at 6) These contentions are proper grounds to rebut or cross-examine Dr. Hillman, but are not sufficient bases to exclude his testimony. Dr. Hillman's opinion is based on

his own extensive experience and analysis of the AVX FFTs as well as the generally-accepted "pitfalls" associated with cross-sectioning devices. (D.I. 952 at 2) Greatbatch fails to identify any evidence that Dr. Hillman's theory is implausible or unaccepted.

    ii.  Regarding the second ground, Greatbatch asserts that because Dr. Hillman opined that he could not "reliably make any statements regarding any kind of reaction product" and was unable to opine that the reaction product was not conductive – stating only that it was possible that conductivity would be prevented – Dr. Hillman's opinion regarding the conductivity of the reaction zone was inconclusive and not sufficiently certain to be admissible. (D.I. 935 at 8) The Court, however, agrees with AVX that Dr. Hillman's testimony is not inconclusive, and instead fairly accounts for a lack of information. Greatbatch's criticisms are valid bases for attacking Dr. Hillman's analysis, but not to exclude it.

    B.  Greatbatch's motion with respect to Dr. Johnson is GRANTED. Greatbatch moves to exclude Dr. Johnson's opinion that "no reasonable metallurgist" would rely on certain data. The Court agrees that this opinion improperly usurps the Court's gatekeeping function of determining reasonable reliance. While Dr. Johnson will be permitted to attack the reliability of Greatbatch's experts' data, Dr. Johnson's testimony that "no reasonable metallurgist" would do as Greatbatch's expert has done is an improper legal conclusion (and one the Court has not made in this case).

    3.  AVX's motion to exclude expert testimony of Professor Pilgrim, Ph.D. (D.I. 936) is **GRANTED IN PART** and **DENIED IN PART**. AVX seeks to exclude three portions of Prof. Pilgrim's testimony: (1) opinions on the state of mind or intent of AVX and its employees; (2) opinions that all AVX Ingenio FFTs (including those without a primer) infringe the asserted

3

claims of the '779 patent; and (3) opinions relying on images from EAG labs.

A.     AVX's motion is GRANTED to the extent it seeks to strike opinions expressed by Prof. Pilgrim as to the state of mind and intent of AVX and/or its employees. (D.I. 939 at 4)  Such statements are improper legal conclusions based on unscientific interpretation. Thus, at minimum, the eleven paragraphs expressly identified by AVX (eight from its original brief (*see* D.I. 939 at 4-6) plus three noted in its reply (*see* D.I. 966 at 1 n.1)) are STRICKEN. Prof. Pilgrim will not be permitted to "present *any* opinion or testimony that refers to or implicates AVX's state of mind or otherwise constitutes legal conclusions." (D.I. 966 at 1)  To the extent the parties have disagreements as to specific application of this order to other paragraphs or portions of Prof. Pilgrim's report(s), including his Amended Supplemental Report, they shall meet and confer and, if unable to resolve those disagreements, present any remaining disagreements to the Court at trial.

B.     AVX's motion is GRANTED with respect to Prof. Pilgrim's opinion that pre-primer parts infringe the '779 patent.  Greatbatch bears the burden to prove infringement. Greatbatch knew and/or was advised in 2015 that earlier Ingenio FFTs were made without primer and later others were made with primer.  (*See* D.I. 966 at 5)  Prof. Pilgrim did not review or analyze non-primer Ingenio FFTs and simply asserted that both versions infringe the '779 patent. (D.I. 939 at 7)  He offers no analysis to support this opinion and, to the contrary, acknowledged the difference the primer could have.  (*See* D.I. 966 at 6)  Prof. Pilgrim has no evidence from which to conclude that the primer parts he analyzed are representative of the pre-primer parts he also asserts infringe.

C.     AVX's motion is DENIED with respect to Prof. Pilgrim's reliance on

4

certain images. AVX may cross-examine Prof. Pilgrim with respect to the adjustment of these

images, but AVX has not identified a persuasive basis for excluding this portion of Prof.

Pilgrim's analysis or opinions.

 

 

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE