**RICHARDS LAYTON & FINGER**

Jason J. Rawnsley
302-651-7550
rawnsley@rlf.com

October 22, 2018

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:  *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS

Dear Chief Judge Stark:

AVX's sole objective in moving to strike Greatbatch's experts' opinions is to *enforce* the Court's claim construction, not to reopen claim construction. The Court should order Greatbatch's experts to abandon their irrelevant and confusing claim construction theories because they directly contradict the plain language and meaning of the Court's prior rulings.

***The Court's claim construction, including the examples of symmetry, are binding on Greatbatch***: The Court expressly held that symmetry can be determined, for example, by mirror image positioning of the non-ground-lead passageways with respect to the ground lead passageway.  AVX's proposed non-infringing alternatives meet the Court's example of symmetry exactly and are—as a matter of the simple application of the English language and the law of this case—not asymmetrical.

Critically, neither Greatbatch nor its experts explain why AVX's alternative designs do not meet the Court's construction of symmetry. They ignore the Court's construction because once symmetry is achieved in accordance with the claim construction, the design cannot be asymmetrical. [D.I. 1148, at 2 (quoting Greatbatch's expert Prof. Pilgrim)]. Greatbatch even admits that the Court's construction is drawn from "embodiments of the '627 patent in describing two examples of the ways in which the passageways of a filter capacitor could be symmetrically arranged," including the example that AVX relied on for its non-infringing alternatives. [D.I. 1150 at 2].

Instead of joining the issue, Greatbatch claims that "[a]symmetry can be determined according to other design features of a filter capacitor, such as shape of the capacitor, the location of electrode plates, and the spacing between the various components." [D.I. 1150 at 4.][1] But, regardless of how many ways Greatbatch can define asymmetry, its experts do not (and cannot) argue that AVX's non-infringing designs are not symmetrical under the Court's claim construction order. In the end, Greatbatch's recent arguments have one purpose: to suggest that neither it nor the jury are bound to apply the Court's claim construction of asymmetrical as "not symmetrical" along with its

---

[1] The necessary consequence of Greatbatch's position is that a part can be both symmetrical (per the Court's construction) and asymmetrical (per Greatbatch's new "examples") at once. Greatbatch's multitude of ways to assess symmetry underscore the indefiniteness of claim 12.

attendant examples of symmetry. Greatbatch's rearguing of the Court's claim construction in the guise of expert opinion is not only wrong as a matter of law, but will inevitably create an unnecessary and time-consuming sideshow at trial that will be unduly prejudicial to AVX.

***The Court has ruled on the methods of measuring symmetry***: Greatbatch contends that the Court expressly rejected AVX's argument that symmetry is limited to the Court's examples and evaluated only by considering the arrangement of the passageways. But regardless of whether there are one or 100 examples, there is no dispute that AVX's alternative designs meet the first definition of symmetry, and Greatbatch cannot dispute that AVX's alternative designs are symmetrical and thus not asymmetrical. For this reason, AVX correctly responded to the Court's questioning at sidebar about whether the claim construction limited examples of measuring asymmetry. [D.I. 1150, Ex. A at 1593:20-24.] Then, as now, AVX took the position that Greatbatch's argument about asymmetric electrode shapes was "wholly inconsistent [with] the Court's claim construction [where] we're looking for symmetry of non-[ground-]lead passageways." *Id*. at 1593:16-19. The Court sustained AVX's objection then, and should do so now. *Id*. at 1594:2-7.

Greatbatch twice misconstrues the Court's rulings by claiming that the Court did not limit symmetry to consideration of the passageways. ***First***, nothing in the Court's ruling related to features other than passageways, e.g., electrode patterns or the shape of the capacitor. The Court's statement that "[s]ymmetry . . . is not necessarily and always evaluated with respect to the first and second passageways" was a rejection of AVX's position that the "non-ground-lead passageways" of the claim construction referred to the "first" and "second" passageways of claim 11. [D.I. 1150, Ex. D at 65-66]. In the quoted portion, the Court was *affirming* that symmetry was measured with regard to "non-ground lead passageways" and not something else.[2] *Id*. ***Second***, the dispute about the "whole" of the feedthrough filter capacitor concerned whether the RF hole was part of the "feedthrough filter capacitor" under the Court's construction of *that* term. [*See* D.I. 573 at 1.] ("There are genuine disputes of material fact with respect to this issue, including at least 'whether the radiofrequency antenna hole in the accused devices is part of the feedthrough filter capacitor, i.e., how to apply the term 'feedthrough filter capacitor' to the accused devices.'"). If the RF hole was not part of the "feedthrough filter capacitor," asymmetry would never have become an issue.

The Court should strike the opinions of Greatbatch's experts as directly contrary to the Court's construction of claim 12 of the '627 patent because there is no dispute that AVX's non-infringing design alternatives rely on the Court's example of symmetry. If not stricken, there simply is no way to proceed to trial as both claim construction and expert discovery will need to be revisited.[3]

---

[2] Greatbatch opposed AVX on this point during litigation, then took the opposite position during re-examination where it represented that the Court's claim construction measured symmetry by reference to the "active terminal pins" (*i.e.*, "first" passageways). Greatbatch offers no explanation for this about-face, which would have resulted in a non-infringement judgment for AVX.

[3] If AVX's motion is denied, it requests that the Court amend the Scheduling Order to allow AVX to serve supplemental expert reports on the issue of asymmetry and propose new non-infringing designs that account for the asymmetrical features of the feedthrough filter raised by Greatbatch in its reply expert reports. Otherwise, AVX would be incurably prejudiced by a change in the construction on which the infringement verdict was based.

Respectfully,

*/s/ Jason J. Rawnsley*

Jason J. Rawnsley (#5379)

JJR/jjr
cc:    Counsel of Record (via CM/ECF)

4206588.4