# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GREATBATCH LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-723-LPS |
| AVX CORPORATION and AVX FILTERS CORPORATION, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **20th** day of **December, 2018**:

Having reviewed the proposed pretrial order submitted by Plaintiff Greatbatch Ltd. ("Greatbatch" or "Plaintiff") and Defendants AVX Corporation and AVX Filters Corporation ("AVX" or "Defendants") (D.I. 1211) ("PTO"), IT IS HEREBY ORDERED that:

1. Greatbatch's motion *in limine* ("MIL") No. 1, to preclude AVX from presenting evidence relating to invalidity during the forthcoming (January 2019) damages trial, will be argued at the pretrial conference ("PTC") tomorrow.

2. Greatbatch's MIL No. 2, to preclude AVX from referencing or admitting evidence relating to the July 2015 settlement between Greatbatch and Boston Scientific ("BSC"), is DENIED. Admission of the settlement agreement is not precluded by Federal Rule of Evidence ("FRE") 408; it is offered for the proper purpose of supporting an argument that at least a portion of the damages Greatbatch seeks for AVX's patent infringement would be an improper double recovery (as Greatbatch has already been compensated, at least in part, by BSC). The settlement

1

agreement is probative of the damages Greatbatch has suffered. The risk of unfair prejudice to Greatbatch, and any other concerns of FRE 403, do not substantially outweigh that probative value.[1]

3. Greatbatch's MIL No. 3, to preclude AVX's use of deposition testimony of Dr. Richard Panlener, is DENIED WITHOUT PREJUDICE to Greatbatch's opportunity to object to specific designations – and/or propose its own counter-designations – as part of the process by which the parties will identify the particular portions of depositions they wish to present at trial. Given the narrow issues that are the subject of the forthcoming trial, which have nothing to do with willfulness or infringement, the Court agrees "[i]t would now be unfair to prevent AVX from using Dr. Panlener's testimony on issues for which Greatbatch was repeatedly given the opportunity to examine Dr. Panlener at length." (GB MIL #3 Opposition at 1) The Court further agrees with Greatbatch that "if jurors hear Dr. Panlener testify that AVX 'had the ability to develop non-infringing alternatives'" it may also be proper for them to "hear the lengths AVX took to hide its unsuccessful work-around rather than design a non-infringing alternative – and that Dr. Panlener was terminated for those acts – in order to assess his and AVX's credibility." (GB MIL #3 Reply)

4. AVX's MIL #1, to preclude Greatbatch from offering evidence of pin washer changes that were made without obtaining approval from BSC or the Food and Drug Administration ("FDA"), is DENIED. This evidence is probative of whether AVX actually could have developed – and obtained all necessary approvals for – the proposed non-infringing

---

[1]The Court does not view counsel's statement regarding the settlement (*see* D.I. 693 at 740) as a judicial admission and, therefore, rejects AVX's request to treat it as such (*see* PTO at 18).

2

alternatives it will present to the jury as part of its response to Greatbatch's damages case. It is likewise probative of the timing that would have been involved in implementing a proposed non-infringing alternative. The risk of unfair prejudice to AVX (or waste of time or confusion or any other concern of Rule 403) does not come close to substantially outweighing the probative value of this evidence. The Court will consider, if asked, an instruction to the jury that explains that damages are not to punish AVX but to compensate Greatbatch.

5. AVX's MIL #2, to preclude evidence comparing Greatbatch's research and development and "innovation" to that of AVX, is DENIED. A reasonable factfinder may find such evidence to be probative of the value of the patented inventions that are the subject of the trial and to be pertinent to the positions the parties would have been in during the hypothetical negotiations. The Court agrees with Greatbatch that "AVX put its technical expertise and capability at issue when it disclosed expert opinions that it would have developed non-infringing alternatives that, in reality, have never existed." (AVX MIL #2 Opposition at 2) Evidence of the expertise and capability of AVX's competitor, Greatbatch, may help the jury assess AVX's ability (and assess BSC's likely assessment of AVX's ability) to actually develop and deliver the non-infringing alternatives AVX is asking the jury to believe it could have produced. The probative value to damages outweighs any risk of unfair prejudice or confusion.

6. AVX's MIL #3, to preclude evidence of Greatbatch's development and qualification procedures, is DENIED. This evidence is probative of *when* (if at all) AVX truly could have developed a non-infringing alternative and its acceptability, particularly to BSC – the parties' common "customer." The comparability of the two companies' procedures, and what BSC does and/or would require, is a proper subject on which the parties may present their

competing evidence and arguments. If AVX "has no analogous process" to Greatbatch, and Greatbatch's process consists of "makework that Greatbatch uses to justify its prices" (AVX MIL #3 at 2), AVX should be able to prove these contentions, and a reasonable jury may then reject Greatbatch's comparability contentions. AVX's concerns go to the weight to be accorded to this evidence, not whether it should be admitted. The probative value of the evidence substantially outweighs any risk of unfair prejudice, confusion, or waste of time.

Turning to other disputes the parties raise in the PTO:

1. Greatbatch's proposal that the parties may read uncontested facts filed with prior pretrial orders relating to prior trials in this matter (PTO III.A) is DENIED. Unless a fact has been agreed to be uncontested for purposes of the January 2019 trial, it is not uncontested.

2. Greatbatch's proposal that it be permitted to present a rebuttal case (PTO V) is GRANTED. Greatbatch will also be permitted to present a rebuttal closing argument, provided it has time left to do so.

3. The parties' dispute as to whether they may call any witness identified by the other party (PTO V) will be discussed at the PTC tomorrow.

4. The parties' requests that the Court preclude particular witnesses from providing testimony on the same subject matter (*see* PTO at 8 n.5, 9 n.6) are DENIED. Although the Court is allocating more time to the parties than it believes they need, the Court will rely on the sound judgment of counsel and the imposition of time limits to reduce or eliminate the chance that a party will present truly redundant testimony from multiple witnesses.

5. The parties' dispute regarding use of prior deposition testimony (PTO V.C) will be discussed at the PTC tomorrow.

6. The parties' dispute regarding admission of exhibits (PTO VI.A) will be discussed at the PTC tomorrow.

7. The Court will adhere to its prior ruling (D.I. 1123) allocating each side twelve (12) hours for its trial presentation, although the Court believes this amount of time is more than either side needs to fully and fairly present its case. Should any party wish to request that the Court consider reducing the number of hours allocated, it may do so. The Court will reserve one (1) hour out of each side's twelve (12) hours for closing argument. Should a party wish to use any portion of that hour for some part of trial prior to closing argument it will need to ask the Court for leave to do so. In reserving one (1) hour for closing, the Court is NOT requiring that a party use a full hour for its closing.

Subject to the allocation explained above, trial will be held at some or all of the following times:

| | |
|---|---|
| Jury selection | Thursday, January 3, 2019: 9:30 a.m. to 1:00 p.m. |
| Trial | Monday, January 7, 2019: 8:30 a.m. to 4:00 p.m. |
| | Tuesday, January 8, 2019: 8:30 a.m. to 4:00 p.m. |
| | Wednesday, January 9, 2019: 10:00 a.m. to 4:30 p.m. |
| | Thursday, January 10, 2019: 8:30 a.m. to 4:00 p.m. |
| | Friday, January 11, 2019: 8:30 a.m. to 4:30 p.m. |

8. The Court is disinclined to close the courtroom for any portion of the trial, including when highly confidential proprietary financial information is shown. Any party wishing to close the courtroom for any portion of the trial will need to demonstrate good cause, consistent with the high burden imposed by law, if it wishes the Court to consider such a request.

9. Greatbatch's request that Defendants not be permitted to submit evidence of alleged noninfringing alternatives to claim 12 of the '627 patent and to the claims of the '095 patent (PTO Ex. 13) is DENIED. As Greatbatch notes, the operative scheduling order (D.I. 1123) does not authorize dispositive motions. Greatbatch may renew its motion at an appropriate time during trial, at which time AVX will be permitted to respond.

10. The parties shall be prepared to discuss at the PTC what the jury may be told regarding earlier proceedings and what materials should be included in juror notebooks. (PTO at 19)

The parties are advised that, subject to any further order of the Court, they should be prepared to address at the PTC any other dispute in the PTO as well as any motion that remains pending.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE